# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                  CRIMINAL ACTION NO. 3:12-00038

KEVIN LUTHOR ROBINSON
      also known as "KK"

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Kevin Luthor Robinson's Motion to Dismiss Pursuant to the Speedy Trial Act. (ECF No. 55). For the following reasons, the Court **DENIES** the motion.

On January 13, 2012, a criminal complaint was filed against the defendant. The defendant subsequently was arrested and had his initial appearance before the Magistrate Judge on January 19, 2012. On February 8, 2012, an Indictment was filed against the defendant charging him with distributing heroin on or about June 14, 2011, in violation of 21 U.S.C. § 841(a)(1). The defendant was arraigned on February 15, 2012, and an Order was entered setting a pretrial motions hearing for April 2 and a trial for April 17, 2012.

Thereafter, on March 14, 2012, the defendant filed a Motion to Identify Confidential Informant. (ECF No. 22). The Government responded on the same day, and the Court denied the motion as moot on March 16, 2012. (ECF No. 28). On March 15, 2012, the defendant filed a Motion in Limine to Exclude "Laugh Recognition" Testimony. (ECF No. 26).

The Government responded to the motion on March 20, 2012. (ECF No. 30). On March 30, 2012, counsel for the defendant then moved to continue the pretrial hearing set for April 2, 2012. (ECF No. 33). The Court granted the motion the same day it was filed and reset the hearing for April 9, 2012. (ECF No. 35). However, on April 3, 2012, the Government filed a four count Superseding Indictment against the defendant. Count One charged him with conspiracy to distribute heroin from at least February 2011 to on or about June 2011, in violation of 21 U.S.C. § 846. Counts Two and Three charged him with distributing heroin from on or about March 7, 2011, and June 14, 2011, respectively, in violation of 21 U.S.C. § 841(a)(1). Count Four charged the defendant with possession with intent to distribute cocaine base on June 29, 2011, in violation of 21 U.S.C. § 841(a)(1). The defendant was arraigned on those charges on April 11, 2012, and a new pretrial motions hearing was set on June 4, 2012, with the trial to begin on June 19.

On May 8, 2012, the defendant filed a Motion to Suppress the evidence related to Count Four. (ECF No. 43).[1] The Government responded to the motion on May 15, 2012. (ECF No. 45). Before the pretrial motion hearing, however, the Government filed a Second Superseding Indictment on May 30, 2012, charging him with five counts. Count One of the Second Superseding Indictment encompassed Count One of the Superseding Indictment, but added a charge that the defendant also conspired to distribute 280 grams or more of cocaine base. Count Two is the same in both the Superseding and Second Superseding Indictments. Count Three of the Superseding Indictment and Count Four of the Second Superseding Indictment are the same, and Count Four of the Superseding Indictment and Count Five of the Second Superseding

---

[1]The motion to suppress involved the constitutionality of a car stop and search.

Indictment are the same. The Government added a new charge in Count Three of the Second Superseding Indictment which charges the defendant with aiding and abetting the distribution of cocaine base on or about April 8, 2011, in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2. The defendant was arraigned on those charges on June 8, 2012, and a new pretrial motions hearing was set for July 30, 2012, with a trial date of August 14, 2012. (ECF No. 51).

On June 27, 2012, the Government moved for a two-week continuance of the trial date because counsel was scheduled to be out of town at a training seminar the week before trial. (ECF No. 53). The Court granted the motion and reset the trial to begin on August 28, 2012. (ECF No. 54). The date of the pretrial hearing remained unchanged. The defendant then filed the current Motion to Dismiss Pursuant to the Speedy Trial Act on July 9, 2012. (ECF No. 55). The Court held a hearing on all the pending motions as scheduled on July 30, 2012. At the hearing, the Court ruled upon all the motions except the current one.

Pursuant to 18 U.S.C. § 3161(c)(1), the defendant must be tried for the offense charged in the indictment within seventy days of the indictment being filed and made public "or from the filing date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1), in part. However, once the clock begins to run, various days are excludable from the seventy-day calculation. Specifically, § 3161(h)(1)(D), provides that any period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable. 18 U.S.C. § 3161(h)(1)(D). In addition, the statute

excludes from calculation any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

In light of this statute, the seventy-day speedy trial clock in this case began to run on February 16, 2012, the day after the defendant was arraigned on the Indictment. A total of 27 days passed before the clock stopped because the defendant filed a Motion to Indentify Confidential Informant on March 14, 2012. *See United States v. Tinklenberg*, 131 S. Ct. 2007, 2016 (2011) (holding that the filing of a pretrial motion automatically triggers an exclusion of time regardless of whether the motion "actually caused or was expected to cause a delay" in proceeding to trial). Although the Court ruled upon that motion on March 16, 2012, the defendant filed another motion in limine on March 15, 2012, to Exclude "Laugh Recognition" Testimony. Thus, the speedy trial clock remained stopped. The Government responded to the motion on March 20, 2012 but, given the nature of the motion, the Court believed a pretrial hearing was necessary in order to make a decision, which resulted in the entire time between the date of the motion and the hearing excludable under the statute. *See Henderson v. United States*, 476 U.S. 321, 329-30 (1986) (stating that, when a pretrial motion requires a hearing, the entire period "between the time of a filing of a motion and the conclusion of the hearing" is excluded "whether or not a delay in holding [the] hearing is reasonably necessary" (internal quotation marks and citations omitted)). The pretrial hearing was scheduled for April 2, 2012, but the defendant made a motion to continue the hearing, which was granted by the Court, and the hearing was reset for April 9. In the interim, the Government filed the Superseding Indictment against the defendant on April 3, 2012, so the Court

4

continued the pretrial hearing until new dates were set at the defendant's arraignment on the superseding indictment. The defendant was arraigned on April 11, 2012, and a new pretrial motions hearing was set for June 4, 2012, with a trial date of June 19. The defendant then filed his Motion to Suppress on May 8, which clearly required a hearing to resolve.

The Government filed its Second Superseding Indictment on May 30, 2012. The defendant was arraigned on that Indictment on June 8, with a pretrial hearing scheduled for July 30, 2012, and a trial set for August 14. Although the trial ultimately was continued upon motion of the Government and then motion of the defendant until September 5, the pretrial hearing still occurred on July 30. (ECF Nos. 54 & 63).

The defendant complains that the Government's decision to keep filing superseding indictments against him has the effect of using the same evidence to drag this case out by repackaging it into different charges. The defendant argues that "[t]he filing of the superseding indictment does not affect the speedy trial clock for offenses charged in the original indictment or any offense required to be joined under double jeopardy principles. The clock continues to run from the original indictment or arraignment, whichever is later, and all speedy trial exclusions apply as if no superseding indictment had been returned." *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994) (citations omitted).

However, even if the time is calculated from the date of the original indictment in this case, the defendant's speedy trial rights were not violated. Initially, the Court recognizes that

the hearing on the defendant's motion regarding "Laugh Recognition" testimony did not occur until July 30, 2012. Therefore, the Court finds the entire amount of time between the date it was filed, March 15, 2012, and July 30, 2012, is excludable. However, even if this Court were to assume for the sake of argument that a hearing on the motion was unnecessary, the amount of time excludable would be for a period of thirty days after the Government filed its response to the motion on March 20, 2012. Thus, the entire period through April 19, 2012, would be excludable. If the includable time began to run again as of April 20, 2012, it clearly would have stopped again on May 8, 2012, when the defendant filed his Motion to Suppress with respect to Count Four of the Superseding Indictment, for a total of 18 additional days. Adding these 18 days to the original 27 days, results in only 45 days. As the hearing on the Motion to Suppress also did not occur until July 30, that entire period is excludable even if the Court does not consider any of the other motions filed during that period of time. Accordingly, even under these calculations, the defendant's speedy trial rights were not violated.

The defendant further complains, however, that allowing the trial date to get pushed back after each superseding indictment may require future defendants to request immediate hearings on every motion they file to ensure the speedy trial clock continues to run. However, this Court will not venture into hypothetical cases which may arise in the future, as the defendant in this case did not ask for immediate hearings and the time in which the motions were pending are excludable under the statute.

Accordingly, the Court **DENIES** the defendant's motion. (ECF No. 55).[2]

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: October 23, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2]After the Court held the hearing on July 30, 2012, counsel for the defendant filed an unopposed motion on August 1, 2012 to continue the trial until September 5, 2012. (ECF No. 62). The Court granted the motion. (ECF No. 63). On August 9, 2012, the defendant filed a Motion to Compel Discovery (ECF No. 65), with the Government filing its response on August 17, 2012. (ECF No. 72). On August 10, 2012, the defendant filed a Motion in Limine RE: Identification Testimony (ECF No. 67), with a response being filed on August 27, 2012. (ECF No. 79). The Government then filed a Third Superseding Indictment on August 29, 2012, naming another individual as a co-defendant. The pretrial hearing on the new pending motions was held on October 22, 2012, and the trial is set for November 6, 2012.