# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:12-00038

KEVIN LUTHOR ROBINSON
    also known as "KK"
JERMAINE D. DICKERSON
    also known as "Chris"
    also known as "G"

## MEMORANDUM OPINION AND ORDER

Pending before the Court are several pretrial motions. The Court heard oral argument on December 11, 2012 regarding these motions.

For reasons stated on the record, the Court **GRANTS** Defendant Kevin Luthor Robinson's motion in limine to prohibit the Government from characterizing the area's drug trade as "epidemic" or using similar language (ECF No. 184). The Court further notes that the Government should so advise officers taking the stand to limit their testimony to be in accord with this ruling.

For reasons stated on the record, the Court **GRANTS in part** the Government's motion in limine to prohibit cross-examination, eliciting testimony, and statements or arguments concerning psychological condition(s) of a certain witness (ECF No. 201), as to Mr. McDonald's episode of depression and attempted suicide. The remainder of the motion, as to Mr. McDonald's schizophrenia, is **DENIED**.

Also pending is the Government's motion in limine to prohibit Defendants' use of shoplifting convictions to impeach certain Government witnesses (ECF No. 200). Federal Rule

of Evidence 609 governs the use of prior convictions to impeach a witness and provides:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

According to the Government, its witnesses have prior shoplifting convictions in West Virginia and Delaware. ECF No. 200 at 2. In those jurisdictions, shoplifting is an offense punishable by imprisonment for one year or less. W. Va. Code § 61-3A-3; 11 Del. C. §§ 840, 4206(a). Therefore, the shoplifting convictions are admissible only if the elements of the crime involve a "dishonest act or false statement."

The Court agrees with the other courts to decide the issue, that the crime of shoplifting does not involve a dishonest act or false statement of the type relevant to a witness's propensity to testify truthfully. *See, e.g.*, *United States v. Dunson*, 142 F.3d 1213, 1216 (10th Cir. 1998); *United States v. Amaechi*, 991 F.2d 374, 379 (7th Cir. 1993); *United States v. Ashley*, 569 F.2d 975, 979 (5th Cir. 1978); *United States v. Ortega*, 561 F.2d 803 (9th Cir. 1977). Unlike other crimes involving a dishonest act or false statement, the crime of shoplifting does not require proof of a misrepresentation or lie. Accordingly, the Court **GRANTS** the Government's motion (ECF No. 200). Defendants shall not use a witness's shoplifting conviction as impeachment evidence.

In additional, Counsel for Defendant Robinson presented oral argument before trial, arguing that any testimony concerning Mr. Robinson giving a false name to officers be held inadmissible. For reasons stated on the record, the Court holds such testimony to be

**ADMISSIBLE**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: December 12, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE